**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALAN ZAMETKIN, On Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) **CIVIL ACTION NO.** |
| vs. | ) ) ) |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, FIDELITY INVESTMENTS, FIDELITY BROKERAGE SERVICES LLC, FIDELITY INCOME FUND, EDWARD C. JOHNSON 3RD, ABIGAIL P. JOHNSON, ROBERT M. GATES, MARIE L. KNOWLES, NED C. LAUTENBACH, MARVIN L. MANN, WILLIAM O. MCCOY, WILLIAM S. STAVROPOULOS, TIMOTHY HAYES, ROBERT L. REYNOLDS, CHRISTINE REYNOLDS, GEORGE H. HEILMEIER, DENNIS J. DIRKS, STEPHEN P. JONAS, CORNELIA M. SMALL, KENNETH L. WOLFE, KIMBERLEY MONASTERIO, JOSEPH B. HOLLIS, JAMES C. CURVEY, ALBERT R. GAMPER AND JAMES H. KEYES, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT**

Plaintiff Alan Zametkin, (the "Plaintiff") makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel, which investigation included analysis of public filings, publicly available news articles and reports about Fidelity Management & Research Company, Fidelity Investments, Fidelity Brokerage Services LLC, Fidelity Income Fund, (collectively referred to as "Defendants"), and the Fidelity Ultra-Short Bond Fund, as well as press releases, investor

communications and other public statements issued by Defendants, and media reports about the Defendants and believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of all persons and entities (other than Defendants and certain others identified below) who purchased shares of the Fidelity Ultra-Short Bond Fund (Ticker: FUSFX) (referred to as the "Ultra-Short Bond Fund") within three years of the filing of this lawsuit, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act") (the "Class").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].  In connection with the acts complained of, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 22 of the Securities Act [15 U.S.C. §77v].

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the Ultra-Short Bond Fund is a fund of Fidelity Income Fund, an open-end management investment company organized as a Massachusetts business trust on August 7, 1984.

5.      In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6.      Plaintiff acquired Select Shares of the Fidelity Ultra-Short Bond Fund (Ticker: FUSFX) pursuant and/or traceable to the Registration Statement accompanying the issuance of the Fidelity Income Bond Fund and has been damaged thereby.

7.      Defendant Fidelity Management & Research Company ("FMR Co.") was founded in 1946 and is the investment advisor to the entire group of mutual funds under the Fidelity name. According to their website, FMR Co. employs the largest staff of portfolio managers, analysts and traders in the industry, more than 500 in total, who are backed by a worldwide network of research resources providing constant market and company information.   FMR Co. is headquartered at 82 Devonshire St., Boston, MA 02109.

8.      Defendant Fidelity Investments ("Fidelity") is comprised of two independently run companies:  Defendant FMR Co. and Fidelity International Limited.  Fidelity International Limited, which is registered in England and Wales, spun off from FMR Co. in 1969 to provide investment products and services exclusively to clients outside of North America.  Defendant Fidelity oversees a wide group of privately held companies in the financial services industry and has its principal place of business at 82 Devonshire St., Boston, MA 02109.

9.      Defendant Fidelity Brokerage Services LLC is one of the privately held companies overseen by Fidelity.  Their principal place of business is 100 Summer Street, Boston, MA 02110. Fidelity Brokerage is a Delaware limited liability company based in Boston, Massachusetts. It is a New York Stock Exchange ("NYSE") member. Fidelity Brokerage is a large multi-service broker-dealer with more than 3.4 million clients.

10.     Defendant Fidelity Income Fund ("Income Fund") is a management investment company overseen by Fidelity.  Their principal place of business is 82 Devonshire St., Boston, MA 02109.  Defendant Income Fund was created under an initial declaration of trust dated August 7,

1984.  The Income Fund offers 5 funds within the trust: Fidelity Ultra-Short Bond Fund, Fidelity Ginnie Mae Fund, Fidelity Government Income Fund, Fidelity Intermediate Government Income Fund, and Fidelity Total Bond Fund.

11.     Fidelity Ultra-Short Bond Fund ("Ultra-Short Bond Fund") is a fund offered by Fidelity Income Fund.

12.     Defendant Edward C. Johnson 3rd ("Johnson") was President and Trustee of Fidelity and the Ultra-Short Bond Fund.  Johnson signed the false and misleading Registration Statement at issue in this action, as well as all 7 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 27, 2007.

13.     Defendant Abigail P. Johnson was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 28, 2005.

14.     Defendant Robert M. Gates was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 28, 2005.

15.     Defendant Marie L. Knowles was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as all 7 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 27, 2007.

16.     Defendant Ned C. Lautenbach was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as all 7 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 27, 2007.

17.     Defendant Marvin L. Mann was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 28, 2005.

18.     Defendant William O. McCoy was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 28, 2005.

19.     Defendant William S. Stavropoulos was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed the Registration Statement, as well as all 7 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between October 8, 2002 and September 27, 2007.

20.     Defendant Timothy Hayes was the Chief Financial Officer of Fidelity and the Ultra-Short Bond Fund, and signed 5 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between September 26, 2003 and September 28, 2005.

21.     Defendant Robert L. Reynolds was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 5 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between September 26, 2003 and September 28, 2005.

22.     Defendant Christine Reynolds was President and Treasurer of Fidelity and the Ultra-Short Bond Fund, and signed 4 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between June 10, 2004 and September 28, 2005.

23.     Defendant George H. Heilmeier was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 5 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between June 10, 2004 and September 27, 2008.

24.     Defendant Dennis J. Dirks was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 2 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between September 28, 2005 and September 27, 2007.

25.     Defendant Stephen P. Jonas was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 2 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between July 14, 2005 and September 28, 2005.

26.     Defendant Cornelia M. Small was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 3 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between July 14, 2005 and September 27, 2007.

27.     Defendant Kenneth L. Wolfe was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 3 subsequent amendments that incorporated by reference the language of the Registration Statement and were filed between July 14, 2005 and September 27, 2007.

28.     Defendant Kimberley Monasterio was President and Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 1 subsequent amendment that incorporated by reference the language of the Registration Statement and was filed on September 27, 2007.

29.     Defendant Joseph B. Hollis was Chief Financial Officer of Fidelity and the Ultra-Short Bond Fund, and signed 1 subsequent amendment that incorporated by reference the language of the Registration Statement and was filed on September 27, 2007.

30.     Defendant James C. Curvey was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 1 subsequent amendment that incorporated by reference the language of the Registration Statement and was filed on September 27, 2007.

31.     Defendant Albert R. Gamper was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 1 subsequent amendment that incorporated by reference the language of the Registration Statement and was filed on September 27, 2007.

32.     Defendant James H. Keyes was a Trustee of Fidelity and the Ultra-Short Bond Fund, and signed 1 subsequent amendment that incorporated by reference the language of the Registration Statement and was filed on September 27, 2007.

33.     Each of the defendants named in ¶¶12-32 (the "Individual Defendants") prepared, reviewed and/or signed or authorized the signing of the registration statements for the offering of shares of the Ultra-Short Bond Fund.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Class.  Excluded from the Class are Defendants, the officers and directors of the Defendant companies, at all relevant times, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, heirs, successors or assigns and any such excluded party.

35.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Defendants, or specifically by Fidelity Income Fund, the Ultra-Short Bond Fund or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

36.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' conduct in violation of federal law that is complained of herein.  Plaintiff does not have any interests antagonistic to, or in conflict with, the other members of the Class.

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and has retained counsel competent and experienced in class and securities litigation.

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether the Securities Act was violated by Defendants' acts as alleged herein;

(b)     Whether the Registration Statement and its subsequent amendments issued by Defendants to the investing public in connection with the sale of FUSFX negligently omitted and/or misrepresented material facts about the Ultra-Short Bond Fund;

(c)      Whether the Registration Statement and subsequent amendments issued by Defendants to the investing public in connection with the sale of FUSFX contained untrue statements of material fact; and

(d)      To what extent the members of the Class have sustained damages and the proper measure of damages.

39.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

40.      On or about August 23, 2002, Defendants began offering shares of the Ultra-Short Bond Fund pursuant to an initial registration statement, filed with the SEC as a Form 485BPOS (the "Registration Statement").

41.      The Ultra-Short Bond Fund initially traded under the ticker symbol "FUUBF."  On September 13, 2002, through a Form 497 filed with the SEC, Defendants changed the ticker for the Ultra-Short Bond Fund to "FUSFX."  "FUSFX" currently remains the ticker symbol for the Ultra-Short Bond Fund.

42.      The Ultra-Short Bond Fund is a mutual fund promoted or marketed by Defendants with the following "investment objective": "Seeks a high level of current income consistent with the preservation of capital."

43.      The Registration Statement, subsequent supplemental Prospectuses, Defendants' marketing materials and communications to shareholders of the Ultra-Short Bond Fund all make the

following representations about the strategy, objective or composition of the Ultra-Short Bond Fund:

"The fund allocates its assets across different market sectors and maturities."

44.    The Registration Statement also identifies the investment summary or objective of the Ultra-Short Bond Fund as the following:  "Managing the fund to have similar overall interest rate risk to the Lehman Brothers® 6 Month Swap Index."

45.    The Registration Statement also identifies the investment summary or objective of the Ultra-Short Bond Fund to be geared toward the "preservation of capital."

46.    Defendants solicited investors utilizing representations regarding the safe investment that could be obtained through purchases of shares in the Ultra-Short Bond Fund, akin to those identified in ¶¶43-45.  Defendants used print and online advertisements and sales materials, as well as numerous amendments that incorporated by reference the language of the Registration Statement throughout the relevant time period, including the following filing dates:   October 8, 2002, September 26, 2003, June 10, 2004, September 27, 2004, July 14, 2005, September 28, 2005, and September 27, 2007.

47.    Defendants promoted the attributes of the Ultra-Short Bond Fund to entice investors and garner huge asset growth, including more than $1 billion in assets by June 2007.  Also, as a result of Defendants' misleading statements about the Ultra-Short Bond Fund, Defendants were able to maintain a consistently increasing net asset value throughout the relevant time period, through June 2007.  The Ultra-Short Bond Fund maintained a trading level above $9 from January 31, 2006 through November 15, 2007, reaching a high of $9.58 between June 28, 2007 and July 10, 2007.

48.    By June 11, 2007, Defendants slowly began lowering the value of the share price for the Ultra-Short Bond Fund.  Since then, the value of the Ultra-Short Bond Fund's share price has

been precipitously lowered.  By November 15, 2007, the value of the per share price was reduced below $9.  The shares have traded as low as $8.25 as of the filing of this complaint.

49.     Defendants recently updated investors about the falling share price of the Ultra-Short Bond Fund and the fund's failure to compete with the Lehman Brothers® 6 Month Swap Index. Defendants blamed the effects of the underperformance of subprime mortgage securities, explaining that these sectors suffered severe price declines.

50.     As of July 31, 2007 and January 31, 2007, Defendants, indeed, had invested nearly two-thirds of the Ultra-Short Bond Fund's assets in mortgage-related or mortgage-backed securities.

51.     The so-called "Risk and Volatility Measure" disclosed by Defendants in connection with the Ultra-Short Bond Fund was not sufficient or meaningful to advise investors of the actual risks associated with investing in the Ultra-Short Bond Fund.  The Risk and Volatility Measure did not warn that the Ultra-Short Bond Fund was so heavily invested in high-risk mortgage-backed securities.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

52.     Plaintiff repeats and realleges each and every allegation contained above.

53.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

54.     The Registration Statement, its corresponding amendments, and the general solicitation materials for the sale of shares of the Ultra-Short Bond Fund were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

55.     Fidelity Income Fund is the registrant for the shares of the Ultra-Short Bond Fund. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

56.     As issuer of the shares, Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

57.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

58.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

59.     Plaintiff acquired shares of the Ultra-Short Bond Fund during the relevant time period and pursuant to the Registration Statement.

60.     Plaintiff and the Class have sustained damages.  The value of the shares of the Ultra-Short Bond Fund declined substantially subsequent to and due to Defendants' violations.

61.     At the times they purchased shares of the Ultra-Short Bond Fund, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to July 2007.  Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this Complaint.  Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiff filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

62.     Plaintiff repeats and realleges each and every allegation contained above.

63.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all Defendants.

64.     Defendants were sellers and offerors and/or solicitors of purchasers of the shares of the Ultra-Short Bond Fund offered pursuant to the Registration Statement.

65.     The Registration Statement and corresponding amendments contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  The Individual Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement and participating in marketing the shares of the Ultra-Short Bond Fund to investors.

66.     Defendants owed to the purchasers of the shares of the Ultra-Short Bond Fund, including Plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and corresponding amendments to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.  Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the offering materials as set forth above.

67.     Plaintiff and other members of the Class purchased or otherwise acquired shares of the Ultra-Short Bond Fund pursuant to the defective Registration Statement and corresponding

amendments.  Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in Defendants' solicitation materials.

68.      By reason of the conduct alleged herein, these Defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act.  Accordingly, Plaintiff and members of the Class who hold shares of the Ultra-Short Bond Fund have the right to rescind and recover the consideration paid for their shares of the Ultra-Short Bond Fund and hereby elect to rescind and tender those shares to the Defendants sued herein.  Plaintiff and Class members who have sold their shares of the Ultra-Short Bond Fund are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

69.      Plaintiff repeats and realleges each and every allegation contained above.

70.      This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

71.      Each of the Individual Defendants was a control person of the Ultra-Short Bond Fund by virtue of his or her position as a director and/or senior officer of Fidelity Income Fund or other Defendant companies.  The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of the Ultra-Short Bond Fund.

72.      Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on their having signed the Registration Statement and/or amendments and having otherwise participated in the process which allowed the sale of the shares of the Ultra-Short Bond Fund to be successfully completed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.      Awarding rescission or a rescissory measure of damages as to Count II; and

E.      Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  June 5, 2008                           SHAPIRO HABER & URMY LLP


                                               /s/ Adam M. Stewart
                                               Thomas G. Shapiro (BBO# 454680)
                                               Adam M. Stewart (BBO# 661090)
                                               53 State Street
                                               Boston, MA  02109
                                               Telephone:  (617) 439-3939
                                               Facsimile:  (617) 439-0134
                                               tshapiro@shulaw.com
                                               astewart@shulaw.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
srudman@csgrr.com
drosenfeld@csgrr.com
mreich@csgrr.com

*Attorneys for Plaintiff*

HOLZER HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
Telephone:  (770) 392-0090
Facsimile:  (770) 392-0029
cholzer@holzerlaw.com
mfistel@holzerlaw.com

*Additional Counsel*

ROBERT J. DYER III
JEFFREY A. BERENS
DYER & BERENS LLP
682 Grant Street
Denver, CO  80203
Office: (303) 861-1764
Facsimile: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com

*Additional Counsel*

### CERTIFICATION OF PLAINTIFF
### PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned declares, as to the claims asserted under the federal securities laws, that:

1.     The undersigned has reviewed the complaint and approves its filing.

2.     The undersigned did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this lawsuit.

3.     The undersigned is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.     The undersigned's purchases and sales of shares of the Fidelity Ultra-Short Bond Fund (Ticker: FUSFX) during the class period are as follows:

| Transaction Date(s) | # of Shares | Buy or Sell | Price Per Share |
| --- | --- | --- | --- |
| 1/9/07 | 4995 | B | 10.01 |
| 1/9/07 | 7492 | B | 10.01 |
| 8/22/07 | 1476 | B | 9.48 |
| 5/13/08 | 1885 | S | 8.29 |
| 2/6/08 | 3977 | S | 8.80 |
| 5/13/08 | 3974 | S | 8.29 |

See attachment

5.     During the three years prior to the date of this Certificate, the undersigned has sought to serve or served as a representative party for a class in the following actions under the federal securities laws:

6.     The undersigned will not accept any payment for serving as a representative party on behalf of the class beyond the undersigned's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.   Executed this ___ day of May 2008.

_____
[signature]

Alan Zametkin
Please print name.

Attachment
ALAN ZAMETKIN CERTIFICATION
FIDELITY ULTRA-SHORT BOND FUND (FUSFX)

| DATE | BUY/SELL | QUANTITY | PRICE |
|------|----------|----------|-------|
| 1/9/2007 | Buy | 4995.00 | $10.01 |
| 1/9/2007 | Buy | 7492.00 | $10.01 |
| 8/22/2007 | Buy | 1476.00 | $9.48 |
| 2/6/2008 | Sell | (3977.00) | $8.80 |
| 2/6/2008 | Sell | (3409.00) | $8.80 |
| 5/13/2008 | Sell | (1885.00) | $8.29 |
| 5/13/2008 | Sell | (3974.00) | $8.29 |
| 5/16/2008 | Sell | (1528.00) | $8.29 |