UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN ZAMETKIN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, FIDELITY INVESTMENTS, FIDELITY BROKERAGE SERVICES LLC, FIDELITY INCOME FUND, EDWARD C. JOHNSON 3RD, ABIGAIL P. JOHNSON, ROBERT M. GATES, MARIE L. KNOWLES, NED C. LAUTENBACH, MARVIN L. MANN, WILLIAM O. MCCOY, WILLIAM S. STAVROPOULOS, TIMOTHY HAYES, ROBERT L. REYNOLDS, CHRISTINE REYNOLDS, GEORGE H. HEILMEIER, DENNIS J. DIRKS, STEPHEN P. JONAS, CORNELIA M. SMALL, KENNETH L. WOLFE, KIMBERLEY MONASTERIO, JOSEPH B. HOLLIS, JAMES C. CURVEY, ALBERT R. GAMPER AND JAMES H. KEYES,<br><br>Defendants. | Case No. 1:08-cv-10960-MLW<br><br>CLASS ACTION<br><br>Hearing Requested |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALAN ZAMETKIN FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.   PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased shares of the Fidelity Ultra-Short Bond Fund (the "Fund") within three years of the filing of this lawsuit, which alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77l(a)(2) and 77o, as

amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") against those who managed, advised and/or marketed the Fund.

Class member Alan Zametkin hereby moves this Court for an order: (i) appointing him as Lead Plaintiff in the Action under Section 27 of the Securities Act; and (ii) approving his selection of the Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Dyer & Berens LLP ("Dyer & Berens") to serve as Lead Counsel and Shapiro Haber & Urmy LLP to serve as Liaison Counsel.

This motion is made on the grounds that Mr. Zametkin is the most adequate plaintiff, as defined by the PSLRA, to prosecute the Action. Mr. Zametkin suffered losses of nearly $20,000 in connection with his purchase of shares of the Fund. *See* Stewart Decl. Ex. B.[1] In addition, Mr. Zametkin, for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claim is typical of the claims of the putative class members and that he will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

The Fund is one of a number of mutual funds offered under the Fidelity trade name by the Fidelity Income Fund, a management investment company. Fidelity Management & Research Company ("FMR Co.") serves as an investment advisor for the Fund. The Complaint charges FMR Co., Fidelity Income Fund and certain related entities, among others, with violations of the Securities Act relating to the issuance of shares of the Fund.

More specifically, on or about August 23, 2002, the defendants began offering shares of the Fund pursuant to an initial registration statement, filed with the SEC as a Form 485BPOS. The

---

[1]     References to the "Stewart Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Adam M. Stewart, dated August 4, 2008 and submitted herewith.

Complaint alleges that the defendants solicited investors to purchase shares of the Fund as a safe investment by representing that it: (i) "seeks a high level of current income consistent with the preservation of capital;" (ii) "allocates its assets across different market sectors and maturities;" (iii) has a "similar overall interest rate risk to the Lehman Brothers® 6 Month Swap Index;" and (iv) is geared toward the "preservation of capital." As alleged in the Complaint, these statements were materially false and misleading because the Fund was not a safe investment and defendants did not adequately disclose the risks associated with investing in the Fund, including, for example, that the Fund was: (i) failing to compete with the Lehman Brothers® 6 Month Swap Index; and (ii) very heavily invested in high-risk mortgage-backed securities.

For years, the Fund traded consistently at over $9 per share. By June 11, 2007, however, the defendants slowly began lowering the value of the share price for the Fund. By November 15, 2007, the value of the per-share price dropped below $9, and then sunk as low as $8.25 as of the filing of the Complaint.

### III.   ARGUMENT

#### A.   Mr. Zametkin Should Be Appointed Lead Plaintiff

##### 1.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Mr. Zametkin, who filed the initial complaint in this action, caused the first notice regarding the pendency of these actions to be published on June 5, 2008. *See* Stewart Decl. Ex. A. Within 60 days after publication of the notice, any person or group

of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii); *see In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

### 2. Mr. Zametkin Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. Mr. Zametkin Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on August 4, 2008. 15 U.S.C. §77z-1(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Mr. Zametkin timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Mr. Zametkin has duly signed and filed a certification stating that he is willing to serve as a representative party on behalf of the class. *See* Stewart Decl. Ex. C. In addition, he has selected and retained competent counsel to represent him and the class. *See* Stewart Decl. Ex. D-F. Accordingly, Mr. Zametkin has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. Mr. Zametkin Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by, among other things, the accompanying signed certification and loss chart, Mr. Zametkin purchased shares of the Fund within three years of the filing of the Action and incurred nearly $20,000 in losses loss on his transactions. *See* Stewart Decl. Ex. B, C. Mr. Zametkin thus has a significant financial interest in this case. Therefore, he satisfies all of the PSLRA's prerequisites for appointment as a lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

### c. Mr. Zametkin Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46 ("Only the last two prongs, typicality and adequacy, need to be satisfied for purposes of this inquiry."); *State Univ. Ret. Sys. v. Sonus Networks, Inc.*, 2006 U.S. Dist. LEXIS 93328, at *6-7 (D. Mass. Dec. 27, 2006) ("MPERS has made the prima facie showing of adequacy and typicality required by Rule 23"). Mr. Zametkin satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46. Moreover, "[f]or the plaintiff to meet this burden, it need not show identical claims." *Id.*

Mr. Zametkin satisfies this requirement because, just like all other class members, he: (1) purchased shares of the Fund within three years of the filing of the Action; (2) was adversely affected by the defendants' false and misleading statements; and (3) suffered damages thereby. Thus, his claims are typical of those of other class members since every claim arises out of the same course of events and are based on the same legal theories. *Sonus Networks*, 2006 U.S. Dist. LEXIS 93328, at *7 ("There is no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable.").

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a)(4). "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and

6

that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46.

Here, Mr. Zametkin is an adequate representative of the class because his interests in the Action are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Zametkin and the other members of the class.  Further, Mr. Zametkin has taken significant steps that demonstrate that he will protect the interests of the class:  he has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Mr. Zametkin *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve the Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §77z-1(a)(3)(B)(v).  In this regard, Mr. Zametkin has selected Coughlin Stoia and Dyer & Berens to serve as Lead Counsel. These firms have substantial experience in the prosecution of shareholder and securities class actions.  *See* Stewart Decl., Ex. D-E.  They have represented Mr. Zametkin from the outset of the Action, participating in the initial investigation of the case and preparing the initial complaint. Additionally, Mr. Zametkin has selected Shapiro Haber & Urmy, a firm with significant class action experience residing in this District, to serve as Liaison Counsel.  *See* Stewart Decl. Exh. F.

The Court has requested information concerning any fee arrangement between Mr. Zametkin and his counsel.  As is standard in class action practice, proposed Lead Counsel will only recover fees upon the successful resolution of the action, and such fees will only be paid out of any judgment or settlement obtained, after notice to the class and in an amount approved by the Court.  Mr. Zametkin has entered into a retainer agreement with his counsel that provides that counsel will not

7

seek a fee in excess of 30% of any amounts recovered for the class, plus reimbursement of reasonable out-of-pocket expenses. Mr. Zametkin and counsel have also discussed that the percentage may need to be adjusted downward in light of the course of the litigation and the efforts of Lead Counsel, in order to assure that the fee applied for is a reasonable one under the circumstances of the case. Stewart Decl. Exh. G (Declaration Of Jeffrey A. Berens, dated August 4, 2008), ¶3.

Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available. Accordingly, the Court should approve the Lead Counsel and the Liaison Counsel selected by Mr. Zametkin.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Zametkin respectfully request that the Court: (i) appoint him as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: August 4, 2008

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO # 454680)
ADAM M. STEWART (BBO # 661090)

    /s/ Adam M. Stewart
ADAM M. STEWART

53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

[Proposed] Liaison Counsel

seek a fee in excess of 30% of any amounts recovered for the class, plus reimbursement of reasonable out-of-pocket expenses. Mr. Zametkin and counsel have also discussed that the percentage may need to be adjusted downward in light of the course of the litigation and the efforts of Lead Counsel, in order to assure that the fee applied for is a reasonable one under the circumstances of the case. Stewart Decl. Exh. G (Declaration Of Jeffrey A. Berens, dated August 4, 2008), ¶3.

Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available. Accordingly, the Court should approve the Lead Counsel and the Liaison Counsel selected by Mr. Zametkin.

## IV.   CONCLUSION

For all the foregoing reasons, Mr. Zametkin respectfully request that the Court: (i) appoint him as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  August 4, 2008

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO # 454680)
ADAM M. STEWART (BBO # 661090)

   /s/ Adam M. Stewart
ADAM M. STEWART

53 State Street
Boston, MA 02109
Telephone:  617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@csgrr.com
drosenfeld@csgrr.com
mreich@csgrr.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DOUGLAS WILENS
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)
dwilens@csgrr.com

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
682 Grant Street
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

[Proposed] Lead Counsel for Plaintiffs

HOLZER HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com

Additional Counsel for Plaintiffs

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), plaintiff respectfully submits that it believes oral argument may assist the court and wishes to be heard on this matter.

/s/ Adam M. Stewart
ADAM M. STEWART

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Adam M. Stewart
ADAM M. STEWART
