UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN ZAMETKIN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>Defendants. | No. 1:08-cv-10960-MLW |

**ASSENTED-TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND AGREED-UPON PROPOSED BRIEFING SCHEDULE ON MOTION TO DISMISS**

Lead Plaintiff Dr. Alan Zametkin ("Plaintiff") hereby moves, with the assent of all Defendants, for leave of court to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). A copy of the proposed Second Amended Complaint ("PSAC") is filed herewith and a redline comparing the PSAC to the Amended Complaint is attached hereto as Exhibit A.

On March 2, 2010, the Fidelity Defendants submitted, as supplemental authority in support of their pending Motion to Dismiss the Amended Complaint (Doc. #51), Judge Richard Holwell's opinion in *Yu v. State Street Corp., et al.*, No. 08 Civ. 8235 (S.D.N.Y. Feb. 25, 2010) (the "*Yu* Opinion"). The *Yu* case, like this action, concerns allegations that a mutual fund company misrepresented the underlying fund, including the extent of its true exposure to risky, subprime mortgage securities. Defendants asserted that the *Yu* Opinion supports their motion to dismiss. As set forth in Plaintiff's March 3, 2010 letter to the Court, however, Plaintiff asserted that there are significant differences in the factual allegations of the two cases and the reasoning of the *Yu* Opinion

actually supports a holding that Plaintiff has satisfied the liberal pleading requirements of Fed. R. Civ. P. 8(a).

For the reasons set forth in his opposition to the motion to dismiss, and based on the allegations in the Amended Complaint, Plaintiff believes that Defendants' pending motion to dismiss should be denied and this case should be allowed to promptly proceed to discovery.  Nevertheless, Plaintiff is mindful that the trial court in *Yu* did not, at least initially, allow the lead plaintiff leave to amend the complaint to provide the additional specificity it found was lacking.[1]  Plaintiff is also aware of the First Circuit's recent opinion in *Fisher v. Kadant, Inc.*, 589 F.3d 505 (1st Cir. 2009), that was issued after Defendants' motion to dismiss was fully briefed, which concerns the application of Rule 15(a)(2) to a potential amendment *after* a motion to dismiss is granted and judgment is entered.  Accordingly, in an abundance of caution, so as to protect the interests of the putative class, Plaintiff hereby requests leave to file the PSAC.

Defendants firmly believe their pending motion to dismiss the Amended Complaint is meritorious, and they do not believe that the PSAC, which they have seen, cures the earlier complaint's legal deficiencies.  Rather, however, than debate the merits of the PSAC in the context of a motion seeking leave to amend, Defendants have agreed not to oppose Plaintiff's request to further amend his complaint, and the parties have agreed to argue the merits of their respective positions through briefing on Defendants' anticipated motion to dismiss the Second Amended Complaint.

---

[1]   In *Yu*, on March 17, 2010, the plaintiff, represented by the same lead counsel as represent Plaintiff here, moved for reconsideration of the trial court's "with prejudice" dismissal and attached a proposed amended complaint with what Plaintiff's counsel believe is significant additional detail aimed at addressing the concerns outlined by the court in the *Yu* Opinion.  The defendants in *Yu* have opposed the plaintiff's motion for reconsideration, and the motion is now pending.

Plaintiff, therefore, requests that this motion seeking leave be allowed, that Plaintiff's PSAC become the operative pleading in the case, and that the Court adopt the parties' jointly proposed briefing and hearing schedule on Defendants' motion to dismiss the new complaint, as follows:

- Defendants' Motion to Dismiss and supporting Memorandum: Due 45 days following this Court's Order allowing Plaintiff's motion for leave to amend;

- Plaintiff's Opposition: Due 45 days later;

- Defendants' Reply: Due 30 days after Plaintiff's Opposition;

- Hearing on Defendant's Motion to be scheduled by the Court.

WHEREFORE, Plaintiff requests that this assented-to motion seeking leave to file a second amended complaint be allowed, and that the Court adopt the parties' jointly proposed briefing schedule on Defendants' anticipated motion to dismiss the Second Amended Complaint.

DATED: April 7, 2010                     Respectfully submitted,

                                         PLAINTIFF ALAN ZAMETKIN

                                         By his attorneys,


                                         　　/s/ Thomas G. Shapiro　　

                                         SHAPIRO HABER & URMY LLP
                                         THOMAS G. SHAPIRO (BBO # 454680)
                                         ADAM M. STEWART (BBO # 661090)
                                         53 State Street
                                         Boston, MA  02109
                                         Telephone:  617/439-3939
                                         617/439-0134 (fax)
                                         tshapiro@shulaw.com
                                         astewart@shulaw.com

                                         *Liaison Counsel*

                                          */s/ Evan J. Kaufman*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

*Co-Lead Counsel for Plaintiff*

                                          */s/ Jeffrey A. Berens*

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

*Co-Lead Counsel for Plaintiff*

ASSENTED TO:

          */s/ Sean M. Murphy*

MILBANK, TWEED, HADLEY & MCCOY, LLP
JAMES N. BENEDICT (*pro hac vice*)
SEAN M. MURPHY (*pro hac vice*)
ANDREW W. ROBERTSON (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY  10005-1413
jbenedict@milbank.com
smurphy@milbank.com
arobertson@milbank.com

      */s/ James S. Dittmar*

GOODWIN PROCTER LLP
JAMES S. DITTMAR (BBO# 126320)
DAVID J. APFEL (BBO# 551139)
Exchange Place
Boston, MA  02109
jdittmar@goodwinprocter.com
dapfel@goodwinprocter.com

*Attorneys for Defendants Fidelity Management & Research Co., FMR Corp (n/k/a FMR LLC), Fidelity Brokerage Services LLC, Edward C. Johnson 3d, Abigail P. Johnson, James C. Curvey, Timothy Hayes, Joseph B. Hollis, Stephen P. Jonas, Kimberley Monasterio, Christine Reynolds, and Robert L. Reynolds*


      */s/ William K. Dodds*

DECHERT LLP
WILLIAM K. DODDS (BBO# 126720)
1095 Avenue of the Americas
New York, NY  10036-6797
william.dodds@dechert.com

-and-

OWEN C.J. FOSTER (BBO# 670199)
200 Clarendon Street, 27th Floor
Boston, MA  02116
owen.foster@dechert.com

*Attorneys for Defendant Fidelity Income Fund*

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 7, 2010.

*/s/ Thomas G. Shapiro*
THOMAS G. SHAPIRO