UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN ZAMETKIN, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>)<br>                Plaintiff, )<br>)<br>    vs. )<br>)<br>FIDELITY MANAGEMENT & RESEARCH )<br>COMPANY, et al., )<br>)<br>            Defendants. )<br>)<br>)  | No. 1:08-cv-10960-MLW<br><br>CLASS ACTION |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated June 17, 2011, including the exhibits attached hereto (the "Stipulation"), is made pursuant to Rule 23 of the Federal Rules of Civil Procedure and is entered into by and among the following Settling Parties: (i) the Lead Plaintiff Alan Zametkin ("Plaintiff" or "Zametkin"), on behalf of himself and each of the Class Members; and (ii) defendants Fidelity Management & Research Company ("FMR"), FMR Corp. (n/k/a "FMR LLC"), Fidelity Brokerage Services, LLC ("Fidelity Brokerage"), James C. Curvey, Timothy Hayes, Joseph B. Hollis, Abigail Johnson, Edward C. Johnson 3d, Stephen P. Jonas, Kimberley Monasterio, Christine Reynolds, and Robert L. Reynolds (collectively, "Defendants"), by and through their respective counsel of record in the above-entitled action (the "Litigation"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Settled Claims, upon and subject to the terms and conditions hereof and the approval of the Court.

## I.     THE LITIGATION

This is a securities class action on behalf of all persons and entities who purchased or otherwise acquired Fidelity Ultra-Short Bond Fund (the "Fund") shares between June 6, 2005 and June 5, 2008, seeking to pursue remedies under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933.

On June 5, 2008, Plaintiff filed his initial complaint alleging that Defendants offered shares of the Fund to the public through registration statements and prospectuses that were materially false and misleading. On February 23, 2009, the Court issued an order appointing Alan Zametkin as Lead Plaintiff and appointing the law firms of Robbins Geller Rudman & Dowd LLP (formerly known as Coughlin Stoia Geller Rudman & Robbins LLP) and Dyer &

Berens LLP as Lead Counsel, and Shapiro Haber & Urmy LLP as Liaison Counsel. Plaintiff filed his Amended Complaint on April 23, 2009, to which Defendants filed a motion to dismiss on July 17, 2009. After Defendants' motion was fully briefed, Defendants consented to the filing of the Second Amended Complaint ("SAC") by Plaintiff on April 8, 2010. On May 24, 2010, Defendants again moved to dismiss the SAC, which was opposed by Plaintiff on August 5, 2010. Defendants filed their reply on September 7, 2010. On November 15, 2010, the Court conducted a hearing and Chief Judge Mark L. Wolf, ruling from the bench, denied Defendants' motion to dismiss the SAC (with the exception of Plaintiff's §11 claim against defendant FMR Corp., which was granted).

Pending resolution of Defendants' motion to dismiss the SAC, proceedings in the case were stayed pursuant to the Private Securities Litigation Reform Act. Once the motion to dismiss was denied, the parties agreed to explore the possibility of settlement and attend a formal mediation session. While no formal discovery was commenced prior to settlement of the Litigation, Plaintiff prepared informal, written requests consisting of nine categories of documents, to which Defendants produced documents on March 29, 2011, and Defendants agreed to produce additional documents and make witnesses available for interviews as part of confirmatory discovery in connection with the Settlement. On April 14, 2011, Plaintiff and Defendants engaged in mediation proceedings before David Geronemus, which resulted in a written memorandum of understanding and the proposed settlement of the Litigation.

## II. DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendants also have denied and continue to deny all

charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants further deny, *inter alia*, the allegations that the registration statements and prospectuses for the Fund were deficient in any respect or that Plaintiff and the Class have suffered any compensable losses.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.     CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff and his counsel believe that the claims asserted in the Litigation have merit. Plaintiff and his counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff and his counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the risks posed by the difficulties and delays inherent in such litigation. Plaintiff and his counsel are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and his counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation,

Plaintiff and his counsel have determined that the settlement set forth in this Stipulation is in the best interests of Plaintiff and the Class, and that the settlement provided for herein is fair, reasonable, and adequate.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for himself and each of the respective Class Members) and Defendants, by and through their respective attorneys of record, that, subject to the approval of the Court, the Litigation and the Settled Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation, shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1. Definitions

As used in the Stipulation, the following terms shall have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class or authorized representative of such a Class Member who submits a timely and valid Proof of Claim and Release form to the Claims Administrator and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means A.B. Data, Ltd.

1.3     "Class" means all persons and entities who purchased or otherwise acquired shares of the Fidelity Ultra-Short Bond Fund between June 6, 2005 and June 5, 2008, inclusive.  Excluded from the Class (the "Excluded Persons") are persons or entities who submit valid and timely requests for exclusion from the Class, and Defendants, members

of the immediate families of the individual defendants, current or former directors or officers of Defendants, or legal representatives, heirs, successors, or assigns of any excluded party.

1.4     "Class Member" means any Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Class Period" means the period from June 6, 2005 through June 5, 2008, inclusive.

1.6     "Defendants" means Fidelity Management & Research Company ("FMR"), FMR Corp. (n/k/a "FMR LLC"), Fidelity Brokerage Services, LLC, James C. Curvey, Timothy Hayes, Joseph B. Hollis, Abigail Johnson, Edward C. Johnson 3d, Stephen P. Jonas, Kimberley Monasterio, Christine Reynolds, and Robert L. Reynolds.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Dyer & Berens LLP or their successor(s) acting as agents for the Class.

1.9     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination and disposition of that motion or appeal in such a manner as to permit the consummation of the

settlement, in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for writ of certiorari or other writ that may be filed in connection with approval or disapproval of the settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, lead plaintiff expenses or the Plan of Allocation of the Settlement Fund.

1.10    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the settlement, in the form attached hereto as Exhibit B.

1.11    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Dyer & Berens LLP.

1.12    "Liaison Counsel" means Shapiro Haber & Urmy LLP.

1.13    "Plaintiff" means Lead Plaintiff Alan Zametkin.

1.14    "Plaintiff's Counsel" means any counsel who have appeared for Plaintiff in the Litigation.

1.15    "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Notice Order" means the order described in ¶3.1 below.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such

attorneys' fees, costs, expenses, interest and other expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no responsibility or liability with respect thereto.

1.18    "Released Parties" means any and all of the Defendants, the Fidelity Income Fund, the Fidelity Ultra-Short Bond Fund and each of their respective present and former parents, subsidiaries, affiliates, officers, directors, employees, general or limited partners or partnerships, foundation, trusts, principals, trustees, attorneys, legal counsel, investment advisers, subadvisers, auditors, accountants, investment bankers, consultants, agents, insurers, co-insurers, heirs, executors, administrators, predecessors, successors and assigns.

1.19    "Settled Claims" means any and all claims, debts, demands, rights, actions, causes of action, suits, matters, issues, damages, losses or liabilities whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, provincial, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined herein), (i) that have been asserted in the Litigation against any of the Released Parties; or (ii) that could have been asserted in any forum by the Class Members or any of them (as purchasers or acquirers of Fund shares during the Class Period) against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Litigation and which related to the purchase or acquisition of the Fidelity Ultra-Short Bond

Fund during the Class Period (except that Settled Claims does not include claims, rights or causes of action or liabilities whatsoever: (i) to enforce the Settlement; and (ii) for breach or violation of any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement or confidentiality obligations with respect to settlement communications).

1.20    "Settlement Fund" or "Gross Settlement Fund" means the principal amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in cash, to be paid pursuant to ¶2.1 of the Stipulation, plus all interest and income earned thereon.

1.21    "Settling Parties" means, collectively, the Defendants and the Plaintiff on behalf of himself and each of the Class Members.

1.22    "Unknown Claims" means any and all Settled Claims which the Plaintiff or Class Members do not know or suspect exist in his, her or its favor at the time of the execution of the Stipulation, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiff and Defendants shall be deemed to have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other country whose law might apply to Plaintiff, any Class Member or Defendants, or principle of common law (whether United States common law or the law of any other relevant common law jurisdiction), which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does

not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Defendants acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

## 2. The Settlement

### a. The Settlement Fund

2.1     In full settlement of the Settled Claims, within ten (10) business days after both (i) the date of entry of the Notice Order (the "Funding Date"), and (ii) Defendants' receipt of payee information, including complete wire instructions and a signed IRS Form W-9 with the federal tax identification number of the payee, Defendants shall pay or cause to be paid the Settlement Fund into a separate interest-bearing escrow account to be established and maintained by the Escrow Agent.   The Fidelity Income Fund, the Fidelity Ultra-Short Bond Fund, James C. Curvey, Timothy Hayes, Joseph B. Hollis, Abigail Johnson, Edward C. Johnson 3d, Stephen P. Jonas, Kimberley Monasterio, Christine Reynolds, and Robert L. Reynolds shall have no obligation to contribute financially to the Settlement.

2.2     Other than any cost or expense to be incurred by Defendants in providing the transfer or shareholder records to the Claims Administrator, all fees, costs, and expenses incurred by or on behalf of Plaintiff and the Class associated with the settlement, including but not limited to Taxes, Tax Expenses, any administrative costs and costs of providing notice of the settlement to Class Members, any award of attorneys' fees and expenses of Plaintiff's Counsel, and any award of reimbursement of expenses to Plaintiff shall be paid from the Settlement Fund and in

no event shall Defendants bear any responsibility for such fees, costs, or expenses.

2.3    Within five (5) calendar days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1, and notwithstanding the fact that the Effective Date has not yet occurred, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it. The Notice and Administration Fund may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. The Notice and Administration Fund shall be invested and earn interest as provided for in ¶2.5. In the event that the settlement is not consummated, money actually and properly paid out of the Notice and Administration Fund, or incurred and properly chargeable for Notice and Administration purposes, shall not be returned or repaid to Defendants or their insurance carriers notwithstanding ¶¶ 2.10 and 7.3.

2.4    Other than any cost or expense to be incurred by Defendants in providing transfer records to the Claims Administrator, the payment described in ¶2.1 is the only payment to be made by or on behalf of Defendants in connection with the settlement of the Settled Claims.

**b.    The Escrow Agent**

2.5    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks

related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

2.6     The Escrow Agent shall not disburse the Settlement Fund except (a) in order to pay up to $200,000 for notice and administration costs pursuant to ¶2.3, (b) as provided in the Stipulation, (c) by an order of the Court, or (d) with the written agreement of counsel for the Settling Parties.

2.7     Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of the Stipulation. The Settling Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

c.     **Taxes**

2.9     **Qualified Settlement Fund**

(a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It

shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.9(a)) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9.

(c)     All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall the Settling Parties and their counsel have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Fund and Escrow Agent shall indemnify and hold each of the

Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants, or prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendants nor their counsel are responsible therefore nor shall they have any liability with respect thereto. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

(d)     For the purpose of this ¶2.9, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund in addition to any earnings thereon.

### d.      Termination of Settlement

2.10     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and Taxes and Tax Expenses incurred or due and owing in connection with the settlement shall be refunded to the individual or entity making the contribution as provided in ¶7.3 below.

**3.** **Notice Order and Settlement Hearing**

3.1     Promptly after execution of the Stipulation, Lead Plaintiff and Lead Counsel shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of an order ("Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for mailing of a settlement notice ("Notice") and the Proof of Claim and Release form substantially in the forms of   Exhibits A-1 and A-2 attached hereto, and publication of a summary notice substantially in the form of Exhibits A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Applications, and the date of the Settlement Hearing.

3.2     Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing ("Settlement Hearing) and finally approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Applications.

**4.** **Releases**

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiff and each of the Class Members (on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns) who have not timely opted out of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form. By entering into this stipulation, Plaintiff represents and warrants that he has not assigned, hypothecated, transferred or otherwise

granted any interest in the settled claims, or any of them, to any person. The Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall be deemed to have expressly waived, and each Class Member shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other country whose law might apply to Lead Plaintiff, any Class Member, or Defendants, or any principle of common law (whether United States common law or the law of any other relevant common law jurisdiction), that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the inclusion of "Unknown Claims" in the definition of Settled Claims was bargained for and is a key element of the settlement of which the release in this paragraph is a part.

4.2     Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiff and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Settled Claims (including Unknown Claims), as well as any other claims arising out of, relating

to, or in connection with, the defense, settlement, or resolution of the Litigation or the Settled Claims.

4.3     The Proof of Claim and Release form to be executed by Class Members shall release all Settled Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members, and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within ten (10) business days of entry by the Court of the Notice Order, Defendants will use reasonable efforts to provide or cause the Fund's transfer agent to provide to Lead Counsel in a computer-readable format, if such computer-readable format already exists, or other reasonable format the last known names and addresses of all shareholders of record during the Class Period.   Defendants shall bear the expense, if any, of providing such names and addresses.   However, Defendants will have no obligation to bear any expenses related to

providing information to underlying individual shareholder accounts held in an omnibus account at Fidelity. Plaintiff's Lead Counsel and the Claims Administrator agree that these records will be kept strictly confidential and will be used solely for the purpose of providing notice to class members and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims, and for no other purpose whatsoever.

5.3     Within ten (10) calendar days of Defendants providing Lead Counsel with the last known names and addresses of all shareholders of record as required by ¶5.2, Lead Counsel will cause the Notice, as defined in ¶3.1, to be mailed to all shareholders of record identified by Defendants or the transfer agent. The Notice and the Proof of Claim and Release form shall be posted on the Claims Administrator's website. A summary notice, as defined in ¶3.1, will also be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*. The cost of providing such notice shall be paid out of the Settlement Fund.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiff's Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and Plaintiff's reimbursement of expenses, when, if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with publication and distribution of the Notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.9;

(d)     to pay the fee charged by the Escrow Agent pursuant to ¶2.1; and

(e)     to distribute the balance of the Settlement Fund ("Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     Defendants shall have no involvement in the selection of the Claim Administrator, the claims administration process, or the Plan of Allocation of the settlement proceeds.  The Claims Administrator shall be selected solely by Lead Counsel, and the Plan of Allocation will be proposed solely by Lead Counsel, subject to Court approval.  Defendants shall not object to such proposed Plan of Allocation.

5.6     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, and such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of the Stipulation, provided that (i) all timely proofs of claim have been processed, and all claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment to such claimants; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment with respect to such attorneys' fees, costs, and disbursements; and (iv) all costs of administration have been paid or provided for.

5.7    Within ninety (90) calendar days after the mailing of the Notice to the Class or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, and as approved by the Court, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to such Person.  No discovery shall be allowed on the merits of the litigation or settlement in connection with processing of the Proofs of Claim.

5.8    The Notice shall provide that the deadline for potential class members to exercise their rights to exclude themselves from the class and settlement shall be no later than fourteen (14) days before the date of the Settlement Hearing.  Within three (3) business days of receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Plaintiff's Lead Counsel and Defendants' Counsel of such request(s) for exclusion and shall at that time deliver to Plaintiff's Lead Counsel and Defendants' counsel copies of request(s) for exclusion, with all supporting documentation submitted therewith.

5.9    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and shall be barred from bringing any action against the Released Parties concerning the Settled Claims.  Notwithstanding the foregoing, Lead Counsel shall have

the discretion to accept late-submitted claims for processing by the Claims Administrator, so long as distribution of the Net Settlement Fund is not materially delayed.

5.10    Lead Counsel shall cause the Claims Administrator to calculate the allocation of the Net Settlement Fund of each member of the Class.  Following the Effective Date, Lead Counsel shall cause the Claims Administrator to mail to each Class Member eligible for a distribution of the Net Settlement Fund his, her, or its *pro rata* share.  The cost of these procedures shall be paid out of the Settlement Fund.

5.11    This is not a claims-made settlement.  Unless Defendants exercise their cancellation rights under the Supplemental Agreement referred to in ¶ 7.6 or the Settlement is otherwise terminated, cancelled, or fails to become effective for any reason, Defendants shall not have a reversionary interest in the Net Settlement Fund.  Accordingly, once all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), any such balance shall be distributed to an Internal Revenue Code Section 501(c)(3) charity designated by Lead Counsel.

5.12    The Released Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to any of the following:  (i) any act, omission, or determination of the Escrow Agent, the Claims Administrator, Lead Counsel, Liaison Counsel or designees or agents thereof; (ii) the establishment or administration of the interest-bearing escrow accounts contemplated by ¶¶ 2.1 and 2.3; (iii) the management, investment, or distribution of the Settlement Fund; (iv) the management, investment, or distribution of the

Notice and Administration Fund; (v) the Plan of Allocation; (vi) the determination, administration, or calculation of claims; (vii) the payment or withholding of Taxes or Tax Expenses; (viii) the attorneys' fees and reimbursement of expenses referred to in ¶¶ 6.1 and 6.2; or (ix) any losses incurred in connection with any of the foregoing.

5.13    No Person shall have any claim against Plaintiff, the Escrow Agent, Plaintiff's Counsel, Defendants, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made in accordance with the Stipulation and the settlement contained herein, a Court-approved Plan of Allocation, or further order(s) of the Court.

5.14    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other order(s) entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of the Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.15    Plaintiff has asserted that the litigation should be certified as a class action pursuant to the Federal Rules of Civil Procedure.  For settlement purposes only and for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation.  The Parties further agree that if the Court

does not enter the Preliminary Order substantially in the form annexed hereto as Exhibit ___ then no class will be deemed to have been certified by or as a result of this Stipulation, and the litigation will for all purposes with respect to the Parties revert to its status prior to April 14, 2011. In such event, (i) Defendants will not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and (iii) Defendants will retain all rights to oppose class certification.

**6.    Lead Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees from the Settlement Fund; plus (b) payment of expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Lead Counsel reserve the right to make additional applications for fees and expenses incurred. In addition, Plaintiff may seek reimbursement from the Settlement Fund pursuant to 15 U.S.C. §77z-1(a)(4) for his time and expenses incurred in connection with the Litigation. Defendants take no position with respect to Plaintiff's requested reimbursement of expenses or Lead Counsel's requested attorneys' fees and expenses.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund immediately upon award by the district court, notwithstanding any appeals that may be taken. Lead Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiff's Counsel to the

prosecution and settlement of the Litigation. If the final approval is reversed for any reason, any Lead Counsel's attorneys' fees and expenses shall be repaid pursuant to ¶¶ 2.10 and 7.3.

6.3     Released Parties shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel over and above payment of the Settlement Fund.

6.4     Released Parties shall have no responsibility for the allocation among Plaintiff's Counsel or any Class Member's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     completion by Lead Counsel of the agreed-upon confirmatory discovery, which will be held confidential and shall be used for the purpose of assessing the fairness, reasonableness and adequacy of the settlement;

(b)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(c)     the contribution to the Settlement Fund as required by ¶2.1;

(d)     the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6;

(e)     the Court has entered the Notice Order, as required by ¶3.1;

(f)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto that *inter alia*, dismisses with prejudice the Litigation; and

(g)     the Judgment has become Final, as defined in ¶1.9.

7.2     Upon the occurrence of all of the events referenced in ¶7.1, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 are not met, then the Stipulation shall be cancelled and terminated subject to ¶¶ 7.3 and 7.4 unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be cancelled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.10, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.3 or are determined to be chargeable to the Notice and Administration Fund including Taxes and Tax Expenses, shall be refunded by the Escrow Agent to the Persons contributing to it based upon the amounts initially contributed by each.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Persons contributing to the Settlement Fund.

7.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation prior to April 14, 2011.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-

1.22, 2.9-2.10, 7.3-7.5, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status prior to April 14, 2011 and shall be required to present an amended schedule to the Court.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.3 at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 7.3.

7.6     Defendants shall have the option to terminate the settlement in the event that Class Members who purchased or acquired more than a certain number of shares of the Ultra-Short Bond Fund during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement ("Supplemental Agreement") executed between Plaintiff and Defendants.  If the Court requires that the Supplemental Agreement be filed, the Settling Parties shall attempt to file it under seal with the Court.

**8.** **No Admission of Wrongdoing**

8.1 This Stipulation, whether or not consummated, and any payments, negotiations, discussions, or proceedings in connection herewith shall not be:

(a) offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties;

(c) offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate the Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Stipulation with attached exhibits and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

9.3     No modification or amendment of the Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning the Stipulation, its exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear his, her, or its own costs.

9.4     The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Litigation, the parties and their respective

counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.5     Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     Except as expressly set forth herein, in entering into this Stipulation no Party has relied on any representations or arguments by any other Party regarding any substantive or procedural issue in the Litigation, and no Party would be prejudiced if (i) the Settlement were not approved or such approval were reversed on appeal and (ii) a Party were later to take a position regarding any substantive or procedural issue in the Litigation. In the event that the Settlement is terminated or does not become Final, no Party shall assert that another Party is estopped (whether equitably, judicially, or collaterally) from taking any position regarding any substantive or procedural issue in the Litigation by virtue of anything in the Stipulation, having entered into the Stipulation, or having done anything in connection with or related to the Settlement. For the purposes of this paragraph only, the definition of "Party" and "Parties" shall include Class Members.

9.7     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive the Stipulation.

9.8     All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.11    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.15    The waiver by one party or any breach of the Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of

the Stipulation.

9.16    The Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of the Stipulation.

9.17    The Stipulation with attached exhibits shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Massachusetts, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts without giving effect to that state's choice-of-law principles.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed by their duly authorized attorneys on this 17th day of June 2011.

ROBBINS GELLER RUDMAN & DOWD
LLP

_____
Samuel H. Rudman
Evan J. Kaufman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

GOODWIN PROCTER, LLP

_____
James S. Dittmar (BBO# 126320)
David J. Apfel (BBO# 551139)
Joshua S. Lipshutz (BBO# 675305)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdittmar@goodwinprocter.com
dapfel@goodwinprocter.com
jlipshutz@goodwinprocter.com

628600_2

the Stipulation.

9.16    The Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of the Stipulation.

9.17    The Stipulation with attached exhibits shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Massachusetts, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts without giving effect to that state's choice-of-law principles.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed by their duly authorized attorneys on this 17th day of June 2011.

ROBBINS GELLER RUDMAN & DOWD LLP

GOODWIN PROCTER, LLP

_____

_____

Samuel H. Rudman
Evan J. Kaufman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

James S. Dittmar (BBO# 126320)
David J. Apfel (BBO# 551139)
Joshua S. Lipshutz (BBO# 675305)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdittmar@goodwinprocter.com
dapfel@goodwinprocter.com
jlipshutz@goodwinprocter.com

628600_2

DYER & BERENS LLP

Robert J. Dyer III
Jeffrey A. Berens
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

*Co-Lead Counsel for Plaintiff*

SHAPIRO HABER & URMY LLP
Thomas G. Shapiro (BBO #454680)
Adam M. Stewart (BBO #661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

*Liaison Counsel*

HOLZER HOLZER & FISTEL, LLC
Corey D. Holzer
Michael I. Fistel, Jr.
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770-392/0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com

*Additional Counsel for Plaintiff*

MILBANK, TWEED, HADLEY & McCLOY
LLP

James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
Andrew W. Robertson (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005-1413
Tel: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Defendants Fidelity Management
& Research Co., FMR Corp. (n/k/a FMR LLC),
Fidelity Brokerage Services LLC, Edward C.
Johnson 3d, Abigail P. Johnson, James C.
Curvey, Timothy Hayes, Joseph B. Hollis,
Stephen P. Jonas, Kimberly Monasterio,
Christine Reynolds, and Robert L. Reynolds*

628600_2

DYER & BERENS LLP

_____

Robert J. Dyer III
Jeffrey A. Berens
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

*Co-Lead Counsel for Plaintiff*

SHAPIRO HABER & URMY LLP
Thomas G. Shapiro (BBO #454680)
Adam M. Stewart (BBO #661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

*Liaison Counsel*

HOLZER HOLZER & FISTEL, LLC
Corey D. Holzer
Michael I. Fistel, Jr.
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770-392/0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com

*Additional Counsel for Plaintiff*

MILBANK, TWEED, HADLEY & McCLOY
LLP

James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
Andrew W. Robertson (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005-1413
Tel: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Defendants Fidelity Management*
*& Research Co., FMR Corp. (n/k/a FMR LLC),*
*Fidelity Brokerage Services LLC, Edward C.*
*Johnson 3d, Abigail P. Johnson, James C.*
*Curvey, Timothy Hayes, Joseph B. Hollis,*
*Stephen P. Jonas, Kimberly Monasterio,*
*Christine Reynolds, and Robert L. Reynolds*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 17, 2011.

/s/ Adam M. Stewart
Adam M. Stewart