UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN ZAMETKIN, on Behalf of Himself and All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 1:08-CV-10960-MLW |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., ) ) ) | |
| Defendants. ) ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, on June 17, 2011, the parties to the above-entitled action (the "Litigation"), Lead Plaintiff Alan Zametkin ("Plaintiff") and defendants Fidelity Management & Research Company, FMR Corp. (n/k/a FMR LLC), Fidelity Brokerage Services, LLC, Edward C. Johnson 3d, Abigail P. Johnson, James C. Curvey, Timothy Hayes, Joseph B. Hollis, Stephen P. Jonas, Kimberly Monasterio, Christine Reynolds, and Robert L. Reynolds (the "Defendants," collectively with Plaintiff, the "Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Parties to the Stipulation having consented to the entry of this order;

- 1 -

#4821-0108-7497v1
12/22/11 11:59 AM
628597_2

WHEREAS, the Parties to the Stipulation having consented to the entry of this order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 23rd day of December 2011, that:

1.  The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Fairness Hearing described in ¶5 below.

2.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Litigation is hereby certified as a class action on behalf of all individuals and entities who purchased or otherwise acquired Fidelity Ultra-Short Bond Fund ("Fund") shares during the period between June 6, 2005 through June 5, 2008, inclusive (the "Class Period"), other than the Excluded Persons (the "Class" or "Class Members"). Included within the definition of Excluded Persons are any putative Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.  The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

---

[1] The exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this order.

-2-

Plaintiff are typical of the claims of the Class he seeks to represent; (d) the Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Alan Zametkin is certified as the class representative.

5. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on May 11, 2012, at 3:00 p.m. EDT for the following purposes:

(a) to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses and Lead Plaintiff's application for reimbursement of expenses; and

#4821-0108-7497v1
12/22/11 11:44 AM
628597_2

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification as may be agreed to by the Parties and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.     The Court approves the form, substance and requirements of: the Notice of Pendency and Certification of Class Action, Proposed Settlement and Settlement Approval/Fairness Hearing (the "Notice"); the Proof of Claim form, and the Summary Notice of Pendency and Certification of Class Action, Proposed Settlement and Settlement Approval/Fairness Hearing (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶9 and 12 of this order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended, 15 U.S.C. §77z-1(a)(7), including the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.     The Court approves the appointment of A.B. Data, Ltd. as the Claims Administrator.

9.     Within twenty (20) business days of the entry of this order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort. Within ten (10) business days of the entry of this Order, Defendants will use reasonable efforts to provide or cause the Fund's transfer

- 4 -

agent to provide to Lead Counsel the last known names and addresses of all shareholders of record during the Class Period. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Fund shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proofs of Claim to beneficial owners. Lead Plaintiff's Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Gross Settlement Fund and to cause any Taxes due and owing to be paid from the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

11. Lead Plaintiff's Counsel shall submit their papers in support of final approval of the Settlement, application for attorneys' fees and expenses, and Lead Plaintiff's application for

- 5 -

#4821-0108-7497v1
12/22/11 11:44 AM
628597_2

expenses, by no later than April 13, 2012. All reply papers in support of such motions shall be filed and served by no later than May 4, 2012.

12. The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire* within seven (7) calendar days of Notice Date. Lead Plaintiff's Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of the publication of the Summary Notice.

13. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than April 27, 2012. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Lead Plaintiff's Counsel may direct the Claims Administrator to accept late claims if they will not materially delay distribution of the Net Settlement Fund.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing

- 6 -

the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Claims as against the Released Parties provided in the Stipulation.

14. Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. In all other respects, however, any such member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

15. Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than April 27, 2012 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to

- 7 -

be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of Fund shares they purchased, acquired and sold during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

17. Objections to the Settlement, the Plan of Allocation, the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses, or Lead Plaintiff's application for expenses, and any supporting papers shall be filed with the Court on or before April 27, 2012, and also delivered by hand or first-class mail to Evan J. Kaufman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 and Sean M. Murphy, Milbank Tweed Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, NY 10005 by that same date at the addresses identified in the Notice. Attendance at the hearing is not necessary. However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the request by Lead Plaintiff's Counsel for attorneys' fees and expenses, and/or Lead Plaintiff's application for expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing and to include in their written objections the identify of any witnesses they may call to testify and copies of any exhibits they intend to introduce into

- 8 -

evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses or Lead Plaintiff's application for expenses, in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation, the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses, and/or Lead Plaintiff's application for expenses.

19. Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Settled Claims against any Released Party.

20. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Plaintiff's Counsel.

21. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

- 9 -

#4821-0108-7497v1
12/22/11 11:44 AM
628597_2

22. The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Plan of Allocation and/or further orders of the Court.

24. As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Gross Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administrations.

25. If (a) the Settlement is terminated by Defendants pursuant to ¶7.6 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶7.3 and 7.5 of the Stipulation shall apply, and this order certifying the Class and the class representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to April 14, 2011.

#4821-0108-7497v1
12/22/11 11:44 AM
628597_2

26.    The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated: December 23, 2011

HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART