UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN ZAMETKIN, On Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| | No. 1:08-cv-10960-MLW |
| | CLASS ACTION |
| Plaintiff, | ) ) |
| | ORDER AND FINAL JUDGMENT |
| vs. | ) ) |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

706373_1

On the 11th day of May, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated June 17, 2011 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; (4) whether and in what amount to award Plaintiff's Counsel fees and expenses; and (5) whether and in what amount to award Plaintiff's expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Fidelity Ultra-Short Bond Fund shares during the period between June 6, 2005 and June 5, 2008, inclusive (the "Class Period"), other than Excluded Persons, as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Affidavit of Anya Verkhovskaya, and the Supplemental Affidavit of Anya Verkhovskaya; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Plaintiff's Counsel, and Plaintiff's request for expenses; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of this Litigation, the Plaintiff, all Class Members, and Defendants.

2.    For purposes of Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff are typical of the claims of the Class he seeks to represent; (d) the Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all individuals and entities who purchased or otherwise acquired Fidelity Ultra-Short Bond Fund shares between June 6, 2005 and June 5, 2008, inclusive, other than Excluded Persons. Included within the definition of Excluded Persons and excluded from the Class are the individuals and/or entities who have requested exclusion from the Class by filing a timely and valid request for exclusion as listed on Exhibit 1 annexed hereto.

4.    Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal

- 2 -

Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

5.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

6.      The Litigation is hereby dismissed in its entirety with prejudice and without costs.

7.      The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.22 relating thereto are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

8.      Upon the Effective Date, Plaintiff and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity ("Class Releasors"), are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Settled Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Settled Claims.

9.      Upon the Effective Date, the Class Releasors have fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, and the Class Releasors are bound by this Judgment including, without limitation, the release of claims as set forth in the

- 3 -

706373_1

Stipulation. The Settled Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members, and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Settled Claims.

11.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)     offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b)     offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties;

(c)     offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or

- 4 -

706373_1

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit, or that damages recoverable under the complaint would not have exceeded the Gross Settlement Fund.

12.     Notwithstanding the provisions of the preceding paragraph, the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The Plan of Allocation is approved as fair and reasonable, and Plaintiff's Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying $7,500,000 to the Settlement Fund.

15.     The Court finds and concludes, pursuant to Section 27 of the Securities Act of 1933, as amended by PSLRA, 15 U.S.C. §77z-1(c)(1), that the Plaintiff, Plaintiff's Counsel, Defendants

- 5 -

and counsel to the Defendants have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading or dispositive motion.

16.     Plaintiff's Counsel in this Litigation are hereby awarded attorneys' fees in the amount of ⅌% of the Gross Settlement Fund, which amount the Court finds to be fair and reasonable. Plaintiff's Counsel are hereby awarded $ 63, 209 <sup>.70</sup> in expenses, which expenses shall be paid to Lead Counsel from the Gross Settlement Fund. The attorneys' fees and expenses shall be paid to Lead Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date paid at the same net rate that the Gross Settlement Fund earned. Plaintiff is hereby awarded $ 14 , 910 in expenses, which expenses shall be paid to Plaintiff from the Gross Settlement Fund. The awarded fees and expenses, and interest earned thereon, shall be paid to Lead Counsel immediately after this Judgment is executed, subject to the terms, conditions and obligations of the Stipulation, which terms and conditions are incorporated herein. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates such counsel for their respective contributions in the prosecution and settlement of this Litigation. As a condition of receiving such fees and expenses, Plaintiff's Counsel (and each of its partners and/or shareholders) and each Plaintiff's Counsel (and each of its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

17.     In making this award of attorneys' fees and expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a cash fund of $7,500,000 that is already on deposit earning interest;

- 6 -

(b)     over 69,500 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel were moving for attorneys' fees in the amount of up to 30% of the Gross Settlement Fund, along with litigation expenses, and 2 objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice;

(c)     the Litigation involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(d)     had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the Class may have recovered less or nothing from the Defendants;

(e)     Plaintiff's Counsel have devoted 2,951.50 hours, with a lodestar value of $1,499,163.75, to achieve the Settlement;

(f)     the amount of attorneys' fees and expenses awarded from the Gross Settlement Fund are fair and reasonable and consistent with awards to similar cases; and

(g)     the Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

18.     Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

19.     Jurisdiction is hereby retained over Defendants, the Plaintiff and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses

- 7 -

incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

20.   In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.6 of the Stipulation, ¶¶7.3-7.5 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to April 14, 2011.

21.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.   The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

23.   The Court has considered the objections of Richard N. Iodice, and Kenneth N. Herriott and Margaret-Haley S. Herriott and overrules both of them in their entirety.

24.   There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: ___May 11___, 2012

HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

- 8 -

706373_1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, and those on the attached manual list on May 4, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

706373_1

Zametkin v. Fidelity Management & Research Company, et al.
1:08-CV-10960-MLW

## **EXHIBIT 1 TO ORDER AND JUDGMENT**

1) Richard Lee Hickey

2) Grant Peters

3) Glenwood L. Dail

4) Robert A. Griem

5) Shelley K Jones

   Patricia L. Jones

6) Caroline Rud

7) Norma A. Wawrzyniak